IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYMAN SPALDING, | § § § | |
| Movant, | § § | |
| V. | § § | NO. 3:25-CV-582-X (NO. 3:13-CR-422-X) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of David Lyman Spalding under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the record, and applicable authorities, concludes that the motion must be **DISMISSED** as untimely.

**I.   BACKGROUND**

Movant was convicted of wire fraud, mail fraud, giving false testimony under oath, and bankruptcy fraud and sentenced to 180 months' imprisonment. CR ECF No. 282. He appealed and on June 26, 2018, his convictions and sentence were affirmed. *United States v. Spalding*, 894 F.3d 173 (5th Cir. 2018).

On March 7, 2025, the Clerk received for filing from Movant a document titled "Motion for the District Court to Issue an Order to Allow the Petitioner to Proceed with his First Ever § 2255 as per a Final Mandate Issued by the Tenth Circuit Court of Appeals," ECF No. 2, which was docketed as a § 2255 motion. By notice of deficiency and order signed March 13, 2025, the Court ordered that by April 17, 2025, Movant file his motion on the appropriate form, which was provided to him. ECF No. 3. Movant objected and sought clarification, ECF No. 4, and the Court

denied the motion. ECF No. 5 (noting that the case had been filed as a proceeding under § 2255 and admonishing Movant that he could not mingle different causes of action into one case). Movant filed a second motion for relief and clarification, ECF No. 6, seemingly arguing that the Court had extended the time for filing a § 2255 motion. The Court again ordered that the motion must be filed on the appropriate form, setting a deadline of May 28, 2025, for doing so and pointing Movant to the applicable one-year limitations statute. ECF No. 7. (The order included a notice pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), giving Movant an opportunity to state all of his claims or to dismiss the action.) By order signed May 20, 2025, the Court granted Movant an extension of time until July 25, 2025, in which to file his motion on the proper form or give notice that he intended to dismiss the case. ECF No. 9. On July 8, 2025, the amended motion was received for filing. ECF No. 10. (Movant failed to use the proper form as ordered. Instead, he appended the first page of the required form to a type-written motion.)

By order signed July 16, 2025, the Court ordered Movant to show cause why his motion was not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. ECF No. 11. Movant has filed his objections and opposition to the order. ECF No. 13.

## II.   LIMITATIONS

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to

3

justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

### III.   ANALYSIS

Movant's judgment became final on September 26, 2018, when the time for filing a petition for writ of certiorari in the Supreme Court expired. Accordingly, he had until September 26, 2019, in which to file his motion under § 2255. The motion he filed is untimely.

Movant appears to argue that he had one year from a ruling of the United States Court of Appeals for the Tenth Circuit in which to file his motion. ECF No. 13 at 1. In that case, the Tenth Circuit affirmed the denial of relief Movant had sought under 28 U.S.C. § 2241. *Spalding v. Admin. Office of the U.S. Courts*, No. 24-6081, 2024 WL 4903138 (10th Cir. Nov. 27, 2024). The Tenth Circuit noted that § 2255(e) did not save his § 2241 motion. It did not grant, nor could it have granted, an extension of time for Movant to file a motion under § 2255.

To the extent Movant may be arguing that the Court extended the time for filing a § 2255 motion by any of its orders, he is mistaken. The Court only ordered that Movant use the proper form, which he still has not done.

To the extent Movant refers to his petition for writ of audita querela as evidence of his

4

diligence, ECF No. 13 at 2, the petition simply reflects that Movant deliberately chose not to pursue relief under § 2255. CR ECF No. 340 at 2.

Movant does not appear to argue that equitable tolling applies. He admits that he was aware of the grounds of his motion even prior to trial. ECF No. 13 at 1–2. *See also* ECF No. 10. He has not shown that circumstances beyond his control prevented the timely filing of his motion.

## IV.   CONCLUSION

For the reasons discussed herein, the Court **DISMISSES** Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 9th d**ay** of **January, 2026**.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE